[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Defendants Country View Golf Club, Inc. (Country View) and Albert Favreau (Favreau) move this Court, pursuant to Rule 59 of the Superior Court Rules of Civil Procedure, to amend the March 27, 1992 judgment in the above-entitled action. Several of the issues raised in Defendants' motion warrant consideration.
At the outset, the Court concedes that it inadvertently applied an incorrect time factor in discounting the 1988 $2,000,000 selling price to its September 30, 1984 value. The appropriate time factor applicable to this cause of action must measure the actual number of years between the date of Plaintiff Gilbert Charland's (Charland) dissolution petition, September 30, 1984, and the date on which Country View was sold, May 15, 1988. The actual time elapsed between these dates is 3.62 years (3 years, 227 days). Applying the correct 3.62 time factor with an 18% discount rate, the total value of Country View as of September 30, 1984 is $1,098,543.20. Accordingly, this Court finds that Gilbert Charland's 15% interest in Country View Golf Club is $164,781.48.
Country View next argues that this Court should adjust its calculation of the September 30, 1984 value to reflect the property's 1988 selling costs. This argument is entirely without merit. In its last written decision, this Court reaffirmed its previous finding that discounting Country View's 1988 selling price to its September 30, 1984 value would provide the most equitable method of valuation. Under the present value discount method, the 1988 gross selling price clearly provides the most accurate assessment of Country View's value in 1988. The selling costs for which Country View now seeks adjustment represent the ordinary expenses necessary in consummating any real estate sales transaction and in no way affect or impair the property's value as a component of the valuation method. Since the gross selling price was utilized only to measure Country View's 1988 value, this Court finds that an adjustment for selling costs is inappropriate and unwarranted.
Defendants' motion to amend also questions whether Albert Favreau is personally liable for the judgment. Although the March 27, 1992 judgment indicates that Defendants are jointly and severally liable, it is clear from the record that this Court has not previously found Favreau to be personally liable. Moreover, a review of Charland's complaint for corporate liquidation reveals that a claim against Favreau in his individual capacity was never asserted. Albert Favreau, therefore, is entirely without personal liability with respect to this Court's judgment.
The final issue requiring consideration involves the terms of payment. Notwithstanding the promissory notes executed by Country View and its purchaser, this Court finds that Charland is not otherwise bound by the terms of a contract to which he was not a party. Furthermore, because Country View accepted a promissory note in the amount of only $600,000. of the $2,000,000. sales price, this Court is of the opinion that an order requiring Country View to satisfy fully its obligation to Charland within thirty (30) days from the date of judgment is neither oppressive nor unreasonable. With respect to the outstanding portion of Charland's liability for the appraisal services of Eugene Amelio and Joseph Smith, this Court hereby authorizes and orders Defendants to deduct $6,605.50 from Charland's proceeds for payment and full satisfaction of Charland's appraisal debt as follows:
Eugene Amelio: $1,554.00
Joseph Smith: $5,051.50
Accordingly, this Court finds that Gilbert Charland's 15% interest in Country View Golf Club, Inc. is $164,781.48. Country View is hereby ordered to satisfy this judgment, including interest, in full, within thirty (30) days of the date of entry. Country View is further ordered to deduct from Charland's proceeds appraisal costs of $6,605.50 for payment of $1,554.00 to Eugene Amelio and $5,051.50 to Joseph Smith.
Counsel shall prepare an appropriate judgment for entry.